**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:16-cv-01720-APG-NJK |
| Plaintiff | **Order Granting Plaintiff's Motion for Summary Judgment** |
| v. | [ECF No. 42] |
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al., | |
| Defendants | |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust encumbering property located at 8101 W. Flamingo Road #1118 in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Copper Sands Homeowners Association, Inc. (Copper Sands). Defendant Saticoy Bay LLC Series 8101 Flamingo[1] (Saticoy) purchased the property at the foreclosure sale. BONY seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Copper Sands and Copper Sands' foreclosure agent, Defendant Alessi & Koenig, LLC (Alessi). Saticoy counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust.

BONY moves for summary judgment, arguing a previous loan servicer, Bank of America, tendered the superpriority amount prior to the sale and thereby preserved the deed of trust. Saticoy opposes BONY's motion. Copper Sands agrees with BONY that the tender preserved the deed of trust. ECF No. 47 at 3. Alessi did not respond to BONY's motion.

---

[1] Saticoy states in its opposition that it was erroneously sued as Saticoy Bay LLC. The trustee's deed upon sale identifies the property purchaser as Saticoy Bay LLC Series 8101 Flamingo. ECF No. 42-7. Consequently, I will instruct the clerk of court to correct the caption.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion because Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot BONY's alternative damages claims against Copper Sands and Alessi.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To

be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has established that the superpriority amount was tendered in full. The HOA assessment was $164.45 per month. ECF No. 42-6 at 12. Prior to the HOA foreclosure sale, Bank of America tendered $2,303.10 to Alessi to cover the superpriority amount of nine months of assessments plus some collection costs. *Id.* at 16-18. Alessi refused to accept the check. *Id.* at 20. Saticoy has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

Saticoy raises several arguments as to why I nevertheless should not grant summary judgment in BONY's favor. None precludes summary judgment.

**A. Weighing the Equities**

Saticoy contends I should weigh the equities in its favor as a bona fide purchaser. It also argues BONY waived its tender, should be estopped from asserting it, and has unclean hands because it did not take other action to stop the sale or inform others about its tender attempt.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, if tender was valid I do not weigh the equities because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019

WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).[2]  Finally, BONY "has not waived its right to

protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands

because it allowed [the HOA's] foreclosure to proceed without interceding to halt the

foreclosure" because Bank of America satisfied the superpriority portion of the lien before the

foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected

its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-

CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of Am.,

N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

### B.  Improper Conditions

Saticoy argues the tender letter contained improper conditions because it required the

HOA to waive maintenance and nuisance abatement charges and to agree to a misrepresentation

of the law regarding what comprises the superpriority lien.  The Supreme Court of Nevada has

held that where there is no evidence of maintenance or nuisance abatement charges, identical

tender letters did not impose impermissible conditions on tender.[3]  Here there is no evidence of

---

[2] Saticoy also argues BONY cannot resort to equity because it has an adequate remedy at law.
Even if BONY had to resort to equity, in similar cases I have rejected this argument that
lienholders like BONY have an adequate remedy at law. *See, e.g.*, *Bank of Am., N.A. v.
Woodcrest Homeowners Ass'n*, No. 2:15-cv-01024-APG-GWF, 2019 WL 3947912, at *2 (D.
Nev. Aug. 21, 2019).  I again reject the argument here.

[3] *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481,
448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates
that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender
was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to
afford superpriority status to any such charges that might be assessed in the future."); *Alliant
Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at
*1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law,
such a misstatement is not an impermissible condition as it does not require anything of the HOA
for the HOA to be able to accept the tender.  Furthermore, no such [maintenance and nuisance
abatement] charges are at issue in this case.  Thus, the purported misstatement does not alter the
tender's legal effect.").

maintenance or nuisance abatement charges, so the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at \*1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)).

### C. Recording the Tender

Saticoy argues BONY was required to record the tender. The Supreme Court of Nevada has rejected this argument. *Bank of Am., N.A.*, 427 P.3d at 119-20.

### D. Summary

In sum, BONY has shown that the superpriority portion of the HOA's lien was tendered, thereby rendering the sale void as to the deed of trust. Saticoy has not presented evidence raising a genuine dispute. Consequently, Saticoy purchased the property subject to the deed of trust. I therefore dismiss as moot BONY's alternative damages claims against Copper Sands and Alessi.

## II. CONCLUSION

I ORDER the clerk of court to correct the caption to change defendant Saticoy Bay LLC to Saticoy Bay LLC Series 8101 Flamingo.

I FURTHER ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 42) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon against defendant Saticoy Bay LLC Series 8101 Flamingo as follows: It is declared that the homeowners association's non-judicial foreclosure

1   sale conducted on August 28, 2013 did not extinguish the deed of trust and the property located

2   at 8101 W. Flamingo Road #1118 in Las Vegas, Nevada remains subject to the deed of trust.

3        I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages

4   claims against defendants Copper Sands Homeowners Association, Inc. and Alessi & Koenig

5   LLC are DISMISSED as moot.

6        I FURTHER ORDER the clerk of court to close this case.

7        DATED this 16th day of January, 2020.

8

9                          ANDREW P. GORDON

                          UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23